**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Tim Alan Saul,

              Plaintiff,

v.

Carolyn W. Colvin,

              Defendant.

No. CV-14-01305-PHX-JZB

**ORDER**

      Plaintiff Tim Alan Saul seeks review of the Social Security Administration Commissioner's decision denying his social security benefits under the Social Security Act. The Court will affirm the Commissioner's decision. The ALJ denied disability for the entire period of time between January 4, 2011, and December 4, 2012, including January 4, 2011 through March 2012, and his decision is supported by substantial evidence and free from legal error.

## I.    Background

      On January 22, 2011, Plaintiff filed an Application for a period of disability and disability insurance (DI) benefits under Title II of the Social Security Act. (AR[1] 168-74.) In the Application, Plaintiff asserts disability beginning on January 4, 2011. (*Id.* at 168.) Plaintiff's Application was initially denied on June 1, 2011, and was denied upon reconsideration on February 17, 2012. (*Id.* at 104-07.) Subsequently, the Application

---

[1] Citations to "AR" are to the administrative record.

was set for a hearing.  (*Id.* at 134-57.)  In a decision dated December 14, 2012, Administrative Law Judge (ALJ) Thomas Cheffins denied Plaintiff's Application for benefits.  (*Id.* at 13-23.)  On May 28, 2014, the Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner of the Social Security Administration.  (*Id.* at 1-7.)

Having exhausted the administrative review process, on June 11, 2014, Plaintiff sought judicial review of the ALJ's decision by filing a Complaint in this Court pursuant to 42 U.S.C. § 405(g).  (Doc. 1.)  On October 20, 2014, Plaintiff filed an Opening Brief, requesting the Court vacate the decision of the ALJ and grant his request for a closed period of benefits.  (Doc. 16.)  On December 18, 2014, Defendant filed a Response Brief in support of the Commissioner's decision.  (Doc. 20.)  On December 26, 2014, Plaintiff filed a Reply Brief.  (Doc. 21.)

## II.   Legal Standards

### a.  Standard of Review

The Social Security Act, 42 U.S.C. § 405(g), provides for judicial review of the Commissioner's disability benefits determinations. The Court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error.  *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007); *Marcia v. Sullivan*, 900 F.2d 172, 174 (9th Cir. 1990).  "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007); *see also Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

In determining whether substantial evidence supports the ALJ's decision, the Court considers the record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusions.  *Reddick*, 157 F.3d at 720; *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993). The ALJ is responsible for resolving conflicts, ambiguity, and determining credibility.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.

1995); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  The Court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation."  *Andrews*, 53 F.3d at 1039. "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Orn*, 495 F.3d at 630 (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)).  The Court reviews only those issues raised by the party challenging the ALJ's decision.    *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).   Similarly, the Court reviews "only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

### b.  Five-Step Evaluation Process

To be eligible for Social Security benefits, a claimant must show an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  A person is under a disability only:

> if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.

42 U.S.C. § 423(d)(2)(A).

The ALJ follows a five-step evaluation process to determine whether an applicant is disabled under the Social Security Act:

> The five-step process for disability determinations begins, at the first and second steps, by asking whether a claimant is engaged in "substantial gainful activity" and considering the severity of the claimant's impairments. *See* 20 C.F.R. § 416.920(a)(4)(i)-(ii). If the inquiry continues beyond the second step, the third step asks whether the claimant's impairment or combination of impairments meets or equals a listing under 20 C.F.R. pt. 404, subpt. P, app. 1 and meets the

- 3 -

duration requirement. *See id.* § 416.920(a)(4)(iii). If so, the claimant is considered disabled and benefits are awarded, ending the inquiry. *See id.* If the process continues beyond the third step, the fourth and fifth steps consider the claimant's "residual functional capacity" in determining whether the claimant can still do past relevant work or make an adjustment to other work. *See id.* § 416.920(a)(4)(iv)-(v).

*Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013). "The burden of proof is on the claimant at steps one through four, but shifts to the Commissioner at step five." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009).

### c.  The ALJ's Five-Step Determination

Applying the five-step evaluation process, the ALJ found that Plaintiff is not disabled and is not entitled to benefits. (*Id.* at 12-23.)  At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the application date. (*Id.* at 15.)  At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease of the cervical and lumbar spine, status post fusion of L4-5, status post right shoulder surgery, status post transient ischemic attack, hypertension, arterial fibrillation, status post heart stent, and coronary artery disease. (*Id.* at 15.)  At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. (*Id.* at 16.)

At step four, the ALJ found the following:

> [Plaintiff] had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except the [Plaintiff] can occasionally climb ladders, ropes, or scaffolds, stoop, crouch, kneel, and crawl; and frequently climb ramp/stairs. [Plaintiff] can occasionally reach above shoulder level bilaterally and perform occasional foot control operation with the left lower extremity. [Plaintiff] should avoid concentrated exposure to excessive vibration, use of moving machinery (except motor vehicles) and exposure to unprotected heights.

(*Id.* at 16.)  The ALJ further found that Plaintiff is unable to perform any of his past relevant work. (*Id.* at 21.)  At step five, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff could perform. (*Id.* at 22.)  Given that

1
2
3
finding, the ALJ concluded that Plaintiff "has not been under a disability, as defined in the Social Security Act, from January 4, 2011, through the date of [the] decision." (*Id.* at 23.)

4
5
**III.    The ALJ did not err because he sufficiently considered evidence in the closed period.**

6
7
8
9
10
11
12
13
Plaintiff argues that the ALJ's decision is defective for two reasons: (1) the ALJ misinterpreted the evidence to the detriment of Plaintiff; and (2) the ALJ did not comply with 20 C.F.R. § 404.315.[2]  Both of Plaintiff's arguments hinge on the same issue— whether the ALJ failed to evaluate or discuss Plaintiff's condition in the limited period between January 4, 2011 (Plaintiff's alleged onset of disability), and March 2012 (Plaintiff's alleged closed period of disability).[3]  (Doc. 16 at 5-6.)  Plaintiff contends that because the ALJ did not explicitly deny Plaintiff's disability for the closed period, he therefore misinterpreted the evidence. (*Id.*)

14
15
16
17
18
19
20
21
22
23
As an initial matter, Plaintiff fails to cite to any specific evidence the ALJ neglected to address, improperly weighed, or mischaracterized. (Doc 16.)  Additionally, Plaintiff does not challenge the ALJ's assessment of Plaintiff's credibility. (*Id.*)  Absent other allegations, Plaintiff's appeal is limited to the claim that the ALJ misinterpreted record evidence because he did not explicitly deny the closed period of disability. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001) (noting that only issues raised by the Plaintiff are reviewed by the Court); *Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003) ("Our circuit has repeatedly admonished that we cannot manufacture arguments for an appellant and therefore we will not consider any claims that were not actually argued in appellant's opening brief") (internal quotations omitted)).

24
25
26
27
[2] 20 C.F.R. § 404.315 establishes that a person is entitled to disability benefits while disabled if they meet certain criteria. These requirements include: "(1) You have enough social security earnings to be insured for disability, as described in § 404.130; (2) You apply; (3) You have a disability, as defined in § 404.1505, or you are not disabled, but you had a disability that ended within the 12–month period before the month you applied." 20 C.F.R. § 404.315.  Plaintiff does not discuss how the ALJ failed to comply with this regulation.

28
[3] The Court's references to "closed period" mean the period of time between January 4, 2011 and March 2012.

- 5 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Therefore, the issue before the Court is limited to whether the ALJ misinterpreted the evidence by not offering a separate denial for the closed period.

The ALJ found that "[t]he claimant has not been under a disability, as defined in the Social Security Act, from January 4, 2011, through the date of this decision [December 14, 2012]."   (AR at 23.)   Earlier in his decision, the ALJ explained, "[d]isability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment or combination of impairments that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months."[4]   (*Id.* at 13.)   The ALJ's decision explicitly found that at no time during the entire period of January 4, 2011 through December 14, 2012, which includes January 4, 2011, through March 2012, was the Plaintiff disabled for a continuous 12-month period.  (*Id.* at 23.)  Because the closed period is contained within the period of time explicitly identified by the ALJ, the ALJ implicitly denied Plaintiff's disability during the closed period.  The ALJ is not required to parse his decision into a separate denial of the closed period and a denial for the entire period.  *See Lockwood v. Comm'r. Soc. Sec. Admin.*, 616 F.3d 1068, 1071-73 (9th Cir. 2010) (regulatory requirement to consider an issue does not impose a duty for the ALJ to provide a detailed explanation of that consideration).

Moreover, not only did the ALJ deny the closed period, it is clear from the record that the ALJ gave significant consideration to evidence and medical records regarding Plaintiff's alleged disability within the closed period.  For example, the ALJ reviewed and discussed the April 2011 record of a consultative examination from within the closed period.  The report indicated that Plaintiff "is still working when he can find work as a ceramic tile, natural stone, shower, countertop, floor installer," and  adding, Plaintiff

---

[4] The impairment and the inability to perform substantial gainful activity must meet the 12-month durational requirement.  *Barnhart v. Walton*, 535 U.S. 212, 217 (2002) ("[T]he Agency has interpreted this regulation to mean that the claimant is not disabled if within 12 months after the onset of an impairment … the impairment no longer prevents substantial gainful activity") (quotations omitted).

"states he worked last earlier this month." (AR at 498.)  While Plaintiff reported to the doctor in this examination that he ceased working due to back problems, as the ALJ notes, the report also indicates "but really he cannot find much work."  (*Id.*)  Although the specific reason Plaintiff ceased working in April 2011 is in question, it is clear Plaintiff was working just a month prior, within the closed period.

The ALJ also reviewed reports from Dr. Robert Waldrip, Plaintiff's treating physician.  The January 26, 2012 report limits the occasions where Plaintiff is required to wear lumbosacral support only to when he was working as a tile setter.  (*Id.* at 709.)  Waldrip's instructions did not impose any work limitations, such as restricting Plaintiff to no work, part-time work, or even suggested "no lifting."  (*Id.*)  The ALJ interpreted this instruction to support Plaintiff's ability to work.  (*Id.* at 21.)

Additionally, the ALJ considered the May 31, 2011, and February 16, 2012, opinions of State-agency reviewing physicians who found that Plaintiff, in light of his improvement with surgery, normal physical exams, and activities reported in evidence, was capable of medium work.  (*Id.*)  Both of these disability determinations were done within the closed period.  (*Id.* at 80-89, 91-103.)

The ALJ also evaluated several additional sources of evidence regarding Plaintiff's physical condition within the closed period.  Specifically, the ALJ cited to Plaintiff's testimony regarding his back surgery in September 2011 (*id.* at 18); records from the Core Institute, post-op from Plaintiff's right shoulder surgery in October 2011 (*id.*); and, Plaintiff's medical report from November 2011 that provides "he is doing much better" and currently has no leg or back pain.  (*Id.*)

The ALJ's analysis included many examples from the administrative record that alone would be sufficient to establish a proper evaluation of the disability claim within the closed period.  In fact, Plaintiff concedes that the medical records do not support the

conclusion of disability for a continuous 12-month period.[5]   (Doc. 16) ("Although not specifically indicated by the medical records, the need for care, surgery, and convalescence clearly exceeded 12 months.").   Accordingly, the Court finds the ALJ sufficiently considered the entire period at issue, including the closed period from January 4, 2011, through March 2012, in deciding Plaintiff is not disabled, and his decision is supported by substantial evidence and free from legal error.

**IV.    Conclusion**

As set forth above, the Court finds that the ALJ's opinion is supported by substantial evidence in the record and is free from harmful legal error.

Accordingly,

**IT IS ORDERED** that the Commissioner's disability determination is **AFFIRMED**. The Clerk of Court is directed to enter judgment accordingly and to terminate this action.

Dated this 29th day of September, 2015.

Honorable John Z. Boyle
United States Magistrate Judge

---

[5] Plaintiff's Opening Brief merely expounds his interpretation of the medical records, which is insufficient to show legal error. *Andrews v. Shalala*, 53 F.3d 1035, 1039-40 (9th Cir. 1995) ("We must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation").